UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:05CV259-3-V
(5:98CR68-2-V)

| | |
|---|---|
| PAul HOLLAND COCKERAN,       )<br>                                                             )<br>        Petitioner,                           )<br>                                                             )<br>        v.                                         )<br>                                                             )<br>UNITED STATES OF AMERICA,     )<br>        Respondent.                      )<br>                                                             ) | **O R D E R** |

**THIS MATTER** is before the Court on initial review of Petitioner's 28 U.S.C. § 2255 "Motion to Vacate, Set Aside, Or Correct Sentence," filed October 6, 2005 (Document No. 1.)

### I. Factual and Procedural Background

A review of the record reflects that on May 14, 1998, Petitioner pled guilty to one count of conspiracy to possess with intent to distribute quantities of cocaine and cocaine base. This Court sentenced Defendant on October 1, 1999 to a term of 210 months imprisonment plus five years supervised release. Judgment was entered November 5, 1999 and Petitioner did not appeal.

Petitioner filed the instant § 2255 motion on October 6, 2005, six years after he was sentenced. On October 12, 2005, this Court send Petitioner a notice pursuant to Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002), allowing Petitioner to file a document explaining why his petition should be deemed timely filed. On November 3, 2005 Petitioner filed a document entitled "Response to the Court Order Explaining Why the Instant Petition Should Be Construed as Timely Filed." In that document, Petitioner explained that at the time he was sentenced his

1

attorney advised him that he had no grounds for appeal. He now argues that "[a]fter reading Apprendi, Blakely, Booker, Hughes and Shamblin, defendant now knows that his 6th Amendment right to trial by jury was violated when he was sentenced for conduct that he did not do, did not plead to and was not found guilty B.A.R.D.[1] and the drug amount is an element of the offense that requires a B.A.R.D. finding before defendant can be held accountable for it."

## II. Analysis

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. §2255 by imposing a 1-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Here, Petitioner was sentenced on October 1, 1999 and judgment was entered on November 5, 1999. Petitioner did not file a notice of appeal. Thus, giving the Petitioner the

---

[1] The Court concludes that Petitioner's use of the abbreviation "B.A.R.D." is beyond a reasonable doubt.

benefit of all reasonable calculations, his conviction became final 10 days from the date judgment was entered, around November 15, 1999.  Therefore Petitioner had until November 15, 2000 to file his § 2255 motion.  Petitioner did not file the instant Motion to Vacate until October 6, 2005 – that is, almost five years after the expiration of the limitations period.

By way of explanation for his late petition, Petitioner argues that at the time he was sentenced his attorney advised him that he had no grounds for an appeal.  He now claims that his right to a trial was violated in that he was sentenced for conduct that the jury had not found him guilty of beyond a reasonable doubt.  However, he does not explain why his petition should be deemed timely filed.  In support of his argument that his right to a trial was violated, he cites to Apprendi v. New Jersey, 530 U.S. 466 (2000) and its progeny of cases including Blakely v. Washington, 542 U.S. 296 (2004) and United States v.Booker/Fanfan, 125 S. Ct 738 (2005).

The Court first notes that it is aware of the recent pronouncements in Apprendi, Blakely and Booker/Fanfan.  However, the Fourth Circuit Court of Appeals has concluded that Apprendi, the case from which the Blakely and Booker/Fanfan rulings are derived, cannot be retroactively applied in cases such as this.  See United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001).  Furthermore, the Fourth Circuit recently decided the case of United States v. Morris, 429 F.3d 65 (4th Cir. 2005) in which it decided that Booker and Blakely also do not apply retroactively to cases on collateral review.  Additionally, Petitioner was sentenced prior to the Supreme Court's decisions of Apprendi, Booker or Blakely.

Despite being given the opportunity to explain why his petition should be construed as timely filed, Petitioner does no do so.  Under the AEDPA, Petitioner had until about November 15, 2000 to file his Motion to Vacate.  The instant motion was not filed until October 6, 2005,

3

almost five years too late.

For the foregoing reasons, this Court concludes that Petitioner's October 6, 2005 Motion to Vacate is untimely and therefore must be <u>dismissed</u>.

**NOW**, **THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Document No. 1) is <u>dismissed</u> as untimely.

**Signed: December 13, 2005**

*Richard L. Voorhees*
Richard L. Voorhees
United States District Judge