# UNITED STATES DISTRICT COURT
for the

Western District of North Carolina

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No: 5:98CR68-2 |
| Paul Holland Cockeran ) | USM No: 13488-058 |
| Date of Previous Judgment: 10/1/99 ) | Noell P. Tin |
| (Use Date of Last Amended Judgment if Applicable) ) | Defendant's Attorney |

**Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)**

Upon motion of ■ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion,

**IT IS ORDERED** that the motion is:
☐ DENIED.   ■ GRANTED and the defendant's previously imposed sentence of imprisonment (as reflected in the last judgment issued) of  210 months  months **is reduced to**  168 months  .

**I. COURT DETERMINATION OF GUIDELINE RANGE** (Prior to Any Departures)

Previous Offense Level:  35        Amended Offense Level:  33
Criminal History Category:  III        Criminal History Category:  III
Previous Guideline Range:  210  to  262  months    Amended Guideline Range:  168  to  210  months

**II. SENTENCE RELATIVE TO AMENDED GUIDELINE RANGE**

■ The reduced sentence is within the amended guideline range.
☐ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.
☐ Other (explain):

**III. ADDITIONAL COMMENTS**

To the extent that Cockeran seeks a further reduction of his sentence based on his health, this court is unable to grant the requested relief. A resentencing pursuant to § 3582(c)(2) is not a de novo proceeding, but merely a form of limited remand. As such, this court may only consider the effect of the retroactive amendment, not other sentencing or guideline issues. See United States v. Smith, 11 Fed. Appx. 165 (4th Cir. 2001) (unpublished).

It is further ordered that as a condition of supervised release the defendant shall submit to the local Residential Reentry Center for a period not to exceed 90 days, with work release, at the direction of the U.S. Probation Officer.

Except as provided above, all provisions of the judgment dated  10/1/99  shall remain in effect.
**IT IS SO ORDERED**.

Order Date:  December 17, 2008

Effective Date: _____
(if different from order date)

*Richard L. Voorhees*
Richard L. Voorhees
United States District Judge